## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

Case No. 12-CV-00455 (VEB)

JOSIE CRUZ CHEETHAM,

      Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In August of 2010, Plaintiff Josie Cruz Cheetham applied for Disability
Insurance Benefits under the Social Security Act. The Commissioner of Social
Security denied the application.

Plaintiff, represented by the Law Offices of Calbom & Schwab, PSC, Randy
J. Fair, Esq., of counsel, commenced this action seeking judicial review of the

Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On February 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 23).

## II. BACKGROUND

The procedural history may be summarized as follows:

On August 31, 2010, Plaintiff applied for disability insurance benefits, alleging disability beginning May 30, 2001. (T at 147-55).[1]  The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On October 19, 2011, a hearing was held before ALJ Marie Palachuk. (T at 45).  Plaintiff appeared with an attorney and testified. (T at 61-70). The ALJ also received testimony from Diane Kramer, a vocational expert (T at 71-73) and Dr. Minh D. Vu, a medical expert (T at 50-71).  During the hearing, Plaintiff amended her alleged onset date to December 31, 2006. (T at 25).

---

[1] Citations to ("T") refer to the administrative record at Docket Nos. 11, 12, and 13.

On November 23, 2011, ALJ Palachuk issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 22-38). The ALJ's decision became the Commissioner's final decision on May 9, 2012, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On July 2, 2012, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on September 7, 2012. (Docket No. 10).

Plaintiff filed a motion for summary judgment with supporting memorandum of law on January 7, 2013. (Docket No. 16, 17). The Commissioner moved for summary judgment on February 19, 2013. (Docket No. 20). As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

C.    **Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2006, the amended alleged onset date, and last met the insured status requirements of the Social Security Act on that date. (T at 27). The ALJ determined that Plaintiff's asthma, headaches, hypertension with chest pain, history of hypothyroidism, mild osteoarthritis, and ulnar neuropathy were impairments considered "severe" under the Act. (Tr. 27-28).

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 28-29). The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), except that she could never climb ladders, ropes or scaffolds and should avoid concentrated exposure to extreme temperatures, humidity, respiratory irritants, and hazards such as heights and moving machinery. (T at 29-33). The ALJ further found that, as of the date last insured, Plaintiff was capable of performing her past relevant work as a general ledger bookkeeper. (T at 33-34).

As such, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act as of the date last insured and was therefore not entitled to

benefits. (Tr. 34).  As noted above, the ALJ's decision became the Commissioner's final decision on May 9, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

## D.    Plaintiff's Arguments

Plaintiff contends that the Commissioner's decision should be reversed.  She offers three (3) main arguments in support of this position.  First, Plaintiff argues that certain of her conditions should have been considered severe impairments. Second, Plaintiff challenges the ALJ's credibility determination.   Third, she contends that the ALJ did not properly assess the opinion of a treating physician. This Court will address each argument in turn.


# IV. ANALYSIS

## A.    Severity of Impairments

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir.

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28).  The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

The ALJ determined that Plaintiff's asthma, headaches, hypertension with chest pain, history of hypothyroidism, mild osteoarthritis, and ulnar neuropathy were impairments considered "severe" under the Act. (Tr. 27-28).  Plaintiff contends that her chronic sinus disease, rhinitis, diverticulitis, irritable bowel syndrome, and

ovarian cysts should also have been considered severe impairments.  This Court finds no reversible error as to this aspect of the ALJ's decision.

Plaintiff was diagnosed with chronic rhinitis (an irritation and inflammation of the mucous membrane inside the nose) and sinusitis. (T at 247, 256-57).  Dr. Donald Paugh, a treating physician, reported that Plaintiff was a "reasonable candidate for endoscopic sinus surgery" and opined that Plaintiff's "sinus disease and . . . pattern of sinus infection" could "exacerbate her asthma a bit more." (T at 283).  However, Plaintiff does not point to any opinion evidence suggesting work-related limitations arising from these impairments.  In fact, the conditions were generally described as causing mild symptoms (e.g. "a little bit of sinus pressure;" "mild upper respiratory congestion"). (T at 247, 251, 256, 263, 279).  In so far as these impairments aggravated Plaintiff's asthma, that condition was already deemed to be severe by the ALJ (T at 27) and limitations related to that condition were incorporated into the residual functional capacity determination (i.e. the requirement that Plaintiff avoid concentrated exposures to respiratory irritants). (T at 29).

In October of 2006, Dr. Charles Bricker, a treating physician, diagnosed diverticulitis and recommended a colonoscopy and high fiber diet. (T at 275).  He also noted that Plaintiff's complaints of diarrhea "sound[ed] like irritable bowel [syndrome]." (T at 275).  Dr. Bricker also reported the presence of ovarian cysts, but

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

described them as stable and recommended that Plaintiff wait several months for reevaluation. (T at 275). Plaintiff notes that she was admitted to the hospital with complaints of pain related to her ovarian cysts (T at 362), but this admission occurred in November of 2005, prior to the alleged onset date.

With regard to irritable bowel syndrome, the evidence indicates that this condition was chronic and existed prior to the alleged onset date. (T at 275, 280-81, 286-87). In December of 2006, Dr. Gail Feinman recommended treating the condition with over-the-counter fiber products (e.g. Metamucil or Benefiber) and anti-diarrheal medicine (e.g. Imodium). (T at 287-88).

Ultimately, Plaintiff does not point to evidence of sustained work-related limitations arising from any these impairments. In other words, Plaintiff does not cite any medical evidence suggesting that her periodic symptoms of diverticulitis, diarrhea, or ovarian cysts caused more than a minimal limitation in her ability to perform basic work-related activities prior to the date last insured.

Moreover, even if the ALJ should have found one or more of these impairments to be severe, because she considered all of the impairments and completed the sequential evaluation process, any arguable error was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)("Even assuming that the ALJ erred in neglecting to list the bursitis at Step 2, any error was harmless."); *Dickey v.*

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

*Colvin*, No. CV-12-3028, 2013 U.S. Dist. LEXIS 169319, at *9 (E.D.Wa. Nov. 27, 2013)("Additionally, because the ALJ proceeded beyond step two to consider Mr. Dickey's residual functional capacity in steps 3 and 4, the ALJ did not commit reversible error."). Accordingly, this Court finds no reversible error with regard to the ALJ's step two analysis.

## B.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology cannot be the sole basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

symptomatology alleged. *See* 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: In late 2006, she had "total body pain" and was not able to get out of bed. (T at 61-62).  She was wearing hand splints. (T at 62).  Her hand pain was so extreme that she was unable to write. (T at 62).  She could not do any lifting, carrying, or cooking. (T at 63).  Her ability to perform household chores, attend to personal care needs, and leave the home was very limited. (T at 67, 69-70).  Her movement was limited by foot pain. (T at 68).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 30).  The ALJ offered several reasons in support of her decision to discount Plaintiff's credibility.  A part of the ALJ's rationale was a report that, in August of 2005, Plaintiff had "been working hard, remodeling her house." (T at 272).  Plaintiff notes (correctly) that the remodeling occurred more than a year before the alleged onset date and, as such, was not necessarily inconsistent with Plaintiff's current claims of disabling pain.  The probative value of a single report of activity from more than a year prior to the alleged onset date is certainly limited.  However, any error by the ALJ in relying on this evidence was harmless.  The ALJ

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

cited numerous other reasons in support of her decision to discount Plaintiff's credibility and these reasons provide substantial evidence sufficient to sustain the ALJ's decision.

First, the evidence from Plaintiff's treating providers did not support her claim of disabling limitations.  No treating provider opined that Plaintiff had significant limitations during the time period at issue.  In December of 2006, Dr. Charles Bricker reported that Plaintiff complained of diarrhea, but noted that she had experienced the problem for several years. (T at 280).  He suspected irritable bowel syndrome. (T at 281).  Dr. Bricker diagnosed sinusitis, but noted that the condition was "pretty well cleared" through the use of antibiotics. (T at 280).  He noted that Plaintiff suffered from asthma and recommended that she resume use of her inhaler. (T at 281).  Later that month, Dr. Donald Paugh diagnosed chronic sinus disease and suggested that Plaintiff would be a "reasonable candidate for endoscopic sinus surgery." (T at 283).  He suggested the use of topical corticosteroids and saline for Plaintiff's nose, but otherwise made no further recommendations and did not assess any work-related limitations. (T at 283).  On December 27, 2006, Dr. Gail R. Feinman reported that Plaintiff's husband had inquired about disability benefits. (T at 286).  Dr. Feinman explained that she "did not see any particular reason why [Plaintiff] should be on disability." (T at 286).  Dr. Feinman's physical examination

yielded generally normal findings. (T at 287).  She recommended x-rays in response to Plaintiff's complaints of wrist discomfort, but Plaintiff said she did not want any treatment. (T at 288).  In August of 2007, Dr. John Mitchell opined that Plaintiff's pain symptoms might be magnified by depression, but Plaintiff denied that she was depressed. (T at 326).  Plaintiff asked Dr. Mitchell to complete forms in support of her application for disability benefits, but the doctor explained that he believed she was not impaired. (T at 325).

Second, the opinions of the non-examining review physicians also contradict Plaintiff's claims and support the ALJ's decision.  In October of 2010, Dr. Norman Staley opined that Plaintiff could occasionally lift/carry 20 pounds, frequently lift 10 pounds, stand/walk/sit for about 6 hours in an 8-hour workday. (T at 294).  Dr. Staley found that Plaintiff should avoid concentrated exposure to temperature extremes, wetness and humidity, vibration, respiratory irritants, and hazards. (T at 297).  Dr. Howard Platter, another review physician, provided an opinion in November of 2010 in which he affirmed Dr. Staley's assessment. (T at 337).  Dr. Minh D. Vu, a medical expert, reviewed Plaintiff's medical record and testified at the administrative hearing.  Dr. Vu opined that Plaintiff's impairments did not meet any of the impairments set forth in the Listings during the relevant time period. (T at 51).  Dr. Vu found that Plaintiff was capable of light work, with occasional lifting of

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

30 pounds, frequent lifting of 10 pounds, and frequent walking or sitting for 6 hours in an 8-hour workday. (T at 51).   Dr. Vu opined that Plaintiff was limited to occasional climbing of scaffolds, ropes, and ladders and should avoid concentrated exposure to fumes, odors, and air pollution. (T at 51-52).

In light of the foregoing, this Court finds no reversible error in the ALJ's credibility assessment. It is the province of the ALJ to make credibility determinations. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). The lack of supporting medical evidence is a proper basis for discounting a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).   Moreover, the opinions of non-examining review physicians may be accepted as substantial evidence where, as here, they are consistent with the overall medical record. *See Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).   Although the ALJ's citation of the "remodeling [of her house] evidence" was dubious given the timeframe, the ALJ provide ample additional reasons to support her credibility determination and these reasons were sufficient under the applicable standard of review.

## C.   Treating Physician's Opinion

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion and an examining physician's opinion is

given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only for clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In October of 2011, Dr. Shawn Nixon, a treating physician, opined that Plaintiff was limited to working 2 hours per day and would miss 2-4 days of work per month. (T at 494).   Dr. Nixon further found that Plaintiff would need unscheduled breaks of about 10 minutes or more 4-5 times per day and was limited to lifting no more than 10 pounds frequently. (T at 494).

Plaintiff notes that the ALJ did not reference Dr. Nixon's opinion in her decision.   The Commissioner concedes this omission. (Docket No. 20, at p. 10). Without in any way diminishing the importance of discussing the opinion of a treating provider, this Court finds that the ALJ's omission does not require remand.

To qualify for disability insurance benefits, a claimant must establish disability on or before the date last insured. *See* 42 U.S.C. § 423 (c); 20 CFR § 404.1520.   The claimant bears the burden of proof on this point. *See Morgan v.*

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

*Sullivan*, 945 F.2d 1079, 1080-81 (9th Cir. 1991). There is no dispute in this case that the date last insured was December 31, 2006. (T at 27). Dr. Nixon's opinion was rendered in October of 2011, nearly five (5) years after the date last insured. He did not even begin treating Plaintiff until February of 2011. (T at 74). The ALJ was aware of Dr. Nixon's opinion and asked Plaintiff about it during the administrative hearing (T at 74), so there is good reason to believe she considered the opinion even though no reference is made to it in the decision. (T at 74). Although the ALJ should certainly have discussed the opinion, her failure to do so does not provide a reason for remand. The opinion was rendered long after the date last insured, the physician did not treat Plaintiff during the relevant time period, there is no indication that the limitations existed during that period, and (most importantly) the records from Plaintiff's treating providers and the medical review physicians during the relevant time period (as outlined above) are extensive and supportive of the ALJ's assessment. While medical conditions both before the alleged onset of a disability or after the date last insured can be relevant to a disability determination, the remoteness of the condition reported by Dr. Nixon is too remote to be relevant in this case. The Commissioner's decision may be affirmed where, as here, there is substantial evidence supporting the decision and the ALJ's error or omission does not undermine the ultimate non-disability determination. *See Carmickle v. Comm'r,*

19

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB

Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds that substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions prior to the date last insured. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 16**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 20**, is **GRANTED**.

The District Court Executive is directed to file this Decision and Order, provide copies to counsel, enter judgment in favor of the Commissioner and **CLOSE** the file.

DATED this 24th day of March, 2014.

<u>/s/Victor E. Bianchini</u>

VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – CHEETHAM v COLVIN 12-CV-00455-VEB